UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RUSSELL G. SMART,

                          Plaintiff,

     v.                                               **DECISION AND ORDER**
                                                                  09-CV-877S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.

       1.       Plaintiff, proceeding *pro se* and *in forma pauperis*, challenges the denial of supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff received such benefits for several years until 2004, when the benefits were suspended due to the discovery of an outstanding arrest warrant against Plaintiff. Docket No. 7-5. Although he challenged this determination, Plaintiff failed to attend the requested hearing in April 2006. Id. Plaintiff filed a new claim for benefits in July 2006. Id. Although this claim was initially denied, Plaintiff received a favorable disability determination from an Administrative Law Judge in 2007, but benefits were again denied due to the prior arrest warrant. Docket Nos. 7-5, 7-6. The Appeals Counsel noted that this non-disability reason for denial was not subject to administrative review and therefore found no basis for jurisdiction. Docket No. 7-9. Plaintiff commenced the instant action in this Court in October 2009. Docket No. 1.

       Presently before the Court is Defendant's Motion to Dismiss for lack of jurisdiction pursuant to Rule 12 (b)(1).[1] Defendant contends that Plaintiff failed to exhaust

---

[1] In support of the Motion to Dismiss (Docket No. 6), Defendant submitted the Declaration of Patrick J. Herbst with Exhibits 1-9 (Docket No. 7); the Affidavit of Jane B. Wolfe, Esq., with Exhibit A (Docket No. 8), and a supporting Memorandum of Law (Docket No. 9). Defendant filed the Supplemental Affidavit of Wolfe with Exhibits A-C (Docket No. 11), a Second Supplemental Affidavit from Wolfe with

administrative remedies; he failed to timely commence the instant action; and venue in this district is improper where Plaintiff is a resident of California. Docket Nos. 9, 24. Defendant further argues that the matter is moot because Plaintiff is a member of the class in Martinez v. Astrue,[2] and therefore he has received the relief he seeks here as a result of a settlement in that case. No. 08-4735 (N.D. Cal. Aug. 11, 2009); see Docket Nos. 9, 24.

2. Defendant is correct that venue in this district is inappropriate. Requests for review of any final decision of the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405 (g). Here, in response to this Court's order, Plaintiff stated that his current address is in Beverly Hills, California. (Docket Nos. 14, 15, 17, 18). Plaintiff does not dispute that the record establishes that he has been a resident of California at all times relevant to this proceeding, and indeed he asserts that his communications have been with the Hollywood, California, Social Security office. Docket Nos. 7-3 at 4; 7-5 at 4-5, 8, 12; 23 at 1. Where, as here, the complaint is not filed in the judicial district in which plaintiff resides, transfer of the action to the appropriate venue is warranted. Fioravante v. Barnhart, No. 02 Civ 8008, 2002 WL 31422887, *1 (S.D.N.Y. Oct. 29, 2002)(report and recommendation adopted November 8, 2002).

3. Defendant also argues that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies. Docket No. 9. Pursuant to 42 U.S.C. § 405 (g), a party must obtain a "final decision of the Commissioner of Social

---

Exhibit A (Docket No. 13), and a Third Supplemental Affidavit from Wolfe with the Declaration of Donald V. Ortiz (Docket No. 21). Plaintiff submitted letters opposing Defendant's motion and requesting relief (Docket Nos. 12, 15, 16, 17, 18, 23). Defendant also submitted a reply Memorandum of Law (Docket No. 24).

[2]Plaintiffs in this class action lawsuit challenged the policy of denying or suspending benefits on the basis of outstanding felony arrest warrants.

Security" before seeking review in district court. "The requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." Escalera v. Commissioner of Social Sec., 457 Fed. Appx. 4, 5 (2d Cir. 2011); see Shalala v. Illinios Council on Long Term Care, Inc., 529 U.S. 1, 23, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000); Cost v Social Sec. Admin., 770 F.Supp.2d 45, 48-49 (D.D.C. 2011), affd 2011 WL 6759544 (D.C. Cir. 2011). It is undisputed that Plaintiff presented his claim to the agency in the instant case, therefore the jurisdictional requirement has been satisfied. Escalera, 457 Fed. Appx. at 6. In light of the conclusion that venue here is improper because of Plaintiff's residency, further consideration of Defendant's non-jurisdictional exhaustion arguments, as well as the contention that the matter is moot in light of the Martinez settlement, would be better addressed in the appropriate venue. Cost, 770 F.Supp.2d at 49 (dismissal based on failure to exhaust non-jurisdictional requirements is not appropriate on a Rule 12 (b)(1) motion); see Escalera, 457 Fed. Appx. at 6 n 1.

    2.    For the foregoing reasons, the action is transferred to the Central District of California, the district in which plaintiff resides.

IT HEREBY IS ORDERED, that this action be transferred to the United States Central District of California.

SO ORDERED.

Dated:   July 8, 2012
           Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              Chief Judge
                              United States District Court